*United States v. Patterson*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of July, two thousand twenty-six.

PRESENT:

> PIERRE N. LEVAL,
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                              No. 24-2320

JUSTIN PATTERSON,

> *Defendant-Appellant*.

———————————————————————

**For Defendant-Appellant:**  Robert A. Culp, Law Office of Robert A. Culp, Garrison, NY; Daniel M. Perez, Law Offices of Daniel M. Perez, Newton, NJ.

**For Appellee:**  James Ligtenberg and Jacob R. Fiddelman, Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 28, 2024 judgment of the district court is **AFFIRMED**.

Justin Patterson appeals a judgment following a jury trial in which he was found guilty of one count of possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Patterson to 84 months' imprisonment to be followed by three years' supervised release. On appeal, Patterson argues (i) that section 922(g)(1) is both facially unconstitutional and unconstitutional as applied to him under the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022); and (ii) that his sentence is procedurally and substantively unreasonable. We assume the parties' familiarity

with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## I.     Circuit Precedent Forecloses Patterson's Section 922(g)(1) Challenge.

Patterson asserts that we should vacate his conviction because 18 U.S.C. § 922(g)(1) is "facially unconstitutional under the Second Amendment and unconstitutional as applied to him" under the Supreme Court's decision in *Bruen*. Patterson Br. at 51.   But as Patterson himself concedes, our precedent forecloses this argument.   *See* Reply Br. at 1 n.1.

In *Zherka v. Bondi*, 140 F.4th 68 (2d Cir. 2025), *cert. denied*, No. 25-269, 2026 WL 135708 (U.S. Jan. 20, 2026), we held that section 922(g)(1) does not violate the Second Amendment and is not subject to as-applied challenges, *see id.* at 91–96. Since *Zherka*, we have consistently rejected challenges like Patterson's, *see, e.g.*, *United States v. Gonzalez*, No. 24-1539, 2025 WL 2327335, at *1 (2d Cir. Aug. 13, 2025), and Patterson has offered no justification for a different result here.

## II.    Patterson's Sentence Was Procedurally and Substantively Reasonable.

Patterson alternatively challenges the reasonableness of his term of incarceration.   "We review a district court's sentencing decision for procedural and substantive reasonableness, using a deferential abuse-of-discretion standard." *United States v. Vargas*, 961 F.3d 566, 570 (2d Cir. 2020) (internal quotation marks

omitted). That standard "incorporates *de novo* review of questions of law (including interpretations of the Guidelines) and clear-error review of questions of fact." *Id.* (internal quotation marks omitted).

**A. Procedural Reasonableness.**

"A district court errs procedurally when it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Alvarado*, 720 F.3d 153, 157 (2d Cir. 2013) (internal quotation marks omitted). Patterson argues that the district court's refusal to credit him with a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 constituted "a trial penalty on Patterson in violation of his Sixth Amendment rights, rendering his sentence procedurally unreasonable." Patterson Br. at 29 (citing *United States v. Tavberidze*, 769 F. Supp. 3d 264 (S.D.N.Y. 2025)). We are unpersuaded.

While it is true that Patterson requested a "downward variance" in the district court due to a so-called trial penalty, *see* App'x at 30, 124, nowhere did he assert that section 3E1.1 of the advisory Sentencing Guidelines violated the Sixth

4

Amendment or made his sentence procedurally unreasonable, *see, e.g., id.* at 130 (district court: "Do any of the lawyers know of any legal reason why the sentence I've described should not be imposed?"; defense counsel: "No, your Honor."). We therefore review only for plain error, which requires Patterson to "demonstrate: (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Bleau*, 930 F.3d 35, 39 (2d Cir. 2019) (internal quotation marks omitted). And even "[i]f all three conditions are met, we will then exercise our discretion to rectify this forfeited error only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted); *see also* Fed. R. Crim. P. 52(b).

Patterson's argument fails at the outset because we "typically will not find [plain] error where the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this Court." *United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004) (internal quotation marks omitted). Patterson has pointed to no authority establishing that the Sixth Amendment entitled him to a three-level reduction for acceptance of responsibility; indeed, there is no such authority. "For th[is] reason alone, we find no plain error." *United States v. Ragonese*, 47 F.4th 106, 113 (2d Cir. 2022).

Patterson's argument also runs counter to our Circuit's precedent, which repeatedly recognizes the "distinction between *increasing* the severity of a sentence" and "refusing to grant *leniency*." *United States v. Whitten*, 610 F.3d 168, 195 (2d Cir. 2010) (internal quotation marks omitted). As in *Whitten*, the district court below did not penalize Patterson for refusing to plead guilty – in fact, it explained that Patterson "ha[d] every right to go to trial" and that he "d[idn't] have to admit a thing." App'x at 129. The court simply refused to grant Patterson "the same leniency as somebody who accepts responsibility," *id.*, since Patterson had "put[] the government to its burden of proof at trial by denying the essential factual elements of guilt," U.S.S.G. § 3E1.l cmt. n.2. "We have long held that a district court may properly treat a guilty plea as a 'recognition of fault' and that 'a show of lenience to those who exhibit contrition by admitting guilt does not carry a corollary that the [j]udge indulges a policy of penalizing those who elect to stand trial.'" *United States v. DiMassa*, 117 F.4th 477, 484 (2d Cir. 2024) (alteration adopted) (quoting *United States v. Araujo*, 539 F.2d 287, 292 (2d Cir. 1976)).

Consequently, the district court did not plainly err when it declined to grant Patterson a three-level reduction for acceptance of responsibility.

**B. Substantive Reasonableness.**

Patterson next contends that his 84-month sentence was substantively unreasonable because it was "shockingly high," "greater than necessary[,] and violated [s]ection 3553(a)." Patterson Br. at 31, 47. To establish that a sentence is substantively unreasonable, a defendant "bears a heavy burden because our review of a sentence for substantive reasonableness is particularly deferential." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). We may not "substitute our own judgment for the district court's on the question of what is sufficient to meet the [section] 3553(a) considerations in any particular case." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). To the contrary, we will set aside a district court's substantive-reasonableness determination "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* (internal quotation marks omitted).

Patterson's sentence does not "shock[] the conscience," Patterson Br. at 49, but instead falls comfortably within "the range of permissible decisions" that were available to the sentencing judge, *Cavera*, 550 F.3d at 189 (internal quotation marks omitted). Contrary to Patterson's assertion that the district court "did not purport to even address why it gave a non-Guidelines sentence," Suppl. Reply Br.

7

at 8, the court expressly "considered all the [section] 3553(a) factors," emphasizing Patterson's "very serious offense," "the need to promote respect for the law," the importance of "[p]rotecting the public from further crimes," and the need for adequate "[d]eterrence," App'x at 128–29; *see also* 18 U.S.C. § 3553(a)(2)(A)–(C). And though the court varied upwards from the high end of the Guidelines range by six months, it is well-settled that the Guidelines are "truly advisory," *Cavera*, 550 F.3d at 189, and that courts may "tailor the sentence in light of other statutory concerns as well," *Pepper v. United States*, 562 U.S. 476, 490 (2011) (internal quotation marks omitted). Accordingly, "district courts may impose sentences within statutory limits based on appropriate consideration of all of the factors listed in [section] 3553(a)." *Id.*

The district court here did just that. As the court explained, Patterson "terrorized" the occupants of a vehicle by brandishing a loaded firearm – while an associate also banged on the car's windows – because he believed it contained someone "who had taken *another* gun from him." App'x at 128 (emphasis added); *see also* PSR ¶¶ 13–14. After the police arrived, Patterson fled and "repeatedly lied to the police about who he was," including by using fake identification. PSR ¶ 18. And prior to his arrest, Patterson "us[ed] an alias and liv[ed] as a fugitive"

8

for several years, App'x at 129, during which time he demonstrated "an affinity for weapons and the Bloods" street gang by posing for photographs with guns and flashing gang signs "after he had been convicted of a felony," *id.* at 128; *see also id.* at 101–06.

Patterson concedes that his lengthy criminal history – featuring eight prior criminal convictions – "included serious acts of violence" involving assault with intent to cause physical injury, reckless endangerment, and criminal possession of a controlled substance. Patterson Br. at 49; *see also* PSR ¶¶ 37–44; App'x at 76. In one instance, Patterson punched a woman after an argument and, when she had fallen to the ground, "kicked her in the head[,] causing her substantial pain and a large laceration." PSR ¶ 40. Another time, Patterson shot a man in the arm in front of the victim's son. *Id.* ¶ 43; App'x at 59 & n.2. The district court also noted that Patterson had a disturbing history of violating parole and receiving "disciplinary sanctions" while he was incarcerated, App'x at 120, including for "violent conduct" and "assault on staff," PSR ¶ 43.

Based on the "nature and circumstances of the offense" and Patterson's criminal "history and characteristics," 18 U.S.C. § 3553(a)(1), the district court acted well within its discretion in finding that Patterson's status as a fugitive, "his

9

gang connections," and "his previous violence," App'x at 129 – coupled with the seriousness of the offense at issue here – warranted an above-Guidelines sentence. *See Cavera*, 550 F.3d at 190 (emphasizing that we do not "presume that a non-Guidelines sentence is unreasonable, or require extraordinary circumstances to justify a deviation from the Guidelines range" (internal quotation marks omitted)); *United States v. Jones*, 531 F.3d 163, 174 (2d Cir. 2008) ("[I]n the great majority of cases, a range of sentences – frequently extending well beyond the narrow ranges prescribed by the Guidelines – must be considered reasonable.").

Finally, Patterson contends that the district court "overlooked" certain mitigating factors at sentencing, Patterson Br. at 50, including "the severity of [his] house arrest" prior to sentencing, Suppl. Reply Br. at 4. But the district court expressly "acknowledge[d]" that Patterson had "complied with a long period of home confinement and pretrial supervision" and imposed a lower sentence as a result. App'x at 128–29. The court also "t[ook] into account that serving time at [the Metropolitan Detention Center] is harder than serving time in other places," noted that Patterson had, "to his credit," received his GED, and remarked that he was "a good father." *Id.* at 128. It was largely for these reasons that the district

court decided "not . . . to impose a sentence approaching [the 120-month sentence that] the government ha[d] asked for." *Id.* at 129.

In the end, however, the court found that the mitigating factors did not "offset" the aggravating circumstances, *id.*, particularly because "the instant offense" was "serious," "similar to [Patterson's] previous convictions," and occurred as recently as 2019, demonstrating that it was not "ancient stuff" from Patterson's past, *id.* at 128. While Patterson disagrees with the district court's weighing of these factors, such disagreement does not make for an abuse of discretion. *See Broxmeyer*, 699 F.3d at 289 (underscoring that "[t]he particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge" (internal quotation marks omitted)).

\*　　\*　　\*

We have considered Patterson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11